UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23285-ALTMAN/Sanchez

**CITY NATIONAL BANK OF FLORIDA**,

   *Plaintiff,*

v.

**LOUISIANA APPLE, LLC**, *et al.*,

   *Defendants.*

_____/

## ORDER DENYING MOTION TO DISMISS

Our Plaintiff, City National Bank, originally brought this action against the Defendant—Louisiana Apple, LLC, and its wholly owned subsidiaries (collectively the "Apple Entities")—to collect on a defaulted loan and to request the appointment of a receiver to "prevent the further loss [of] [City National's] collateral[.]" Complaint [ECF No. 1] ¶ 59; *see generally* Motion to Appoint Receiver [ECF No. 5]. We later allowed another group of Defendants—SBG Apple Central I, LLC, and its related entities (the "SBG Entities")—to intervene over City National's objections. *See* Sept. 9, 2024, Order [ECF No. 24] at 1. Once in the case, the SBG Entities promptly filed a Motion to Dismiss [ECF No. 27], arguing that we now lack subject-matter jurisdiction over the case because (1) "complete diversity no longer exists," *id.* at 2, and (2) we can't exercise supplemental jurisdiction over the SBG Entities since they "are an indispensable party" under Federal Rule of Civil Procedure 19, *id.* at 8. After careful review, we **DENY** the Motion.

### THE FACTS

The Apple Entities—the former franchisees of "fourteen Applebee's restaurants in the states of Kentucky, Oklahoma, Indiana, and Arkansas"—are purportedly "indebted to [City National] . . . in an amount equal to $8,330,741.65, inclusive of principal, interest and late fees . . . [which] is now

immediately due and payable to [City National]." Complaint ¶¶ 25, 33. After the Apple Entities initially "fail[ed] to make payments due" under the terms of their loan agreement, the Apple Entities and City National entered into a forbearance agreement, by which the Apple Entities agreed to grant a "security interest in all of their assets to [City National] to secure their obligations[.]" *Id.* ¶¶ 20, 23. Several months after this forbearance agreement was executed, however, the Apple Entities entered into a separate agreement with the restaurants' franchisor (Applebee's Franchisor, LLC) and the SBG Entities, "which . . . provide[d] for . . . the transfer of full control over the assets of [the Apple Entities] as well as the operation of the Restaurants" to the SBG Entities. *Id.* ¶ 29.

After discovering this agreement between the Apple Entities and the SBG Entities, City National sued the Apple Entities in our Court, accusing the Apple Entities of breach of contract (Count I) for *both* "defaulting on . . . their obligations under the Loan Documents" *and* disposing of the collateral by selling or assigning it to the SBG Entities. *Id.* ¶¶ 31, 41. City National also asked us to appoint a receiver on an expedited basis under Federal Rule of Civil Procedure 66 (Count II) to "(i) sequester[ ] all of [City National's] Collateral (including [City National's] Cash Collateral), to be held for the benefit of [City National]; (ii) provid[e] an accounting of [City National's] Collateral and Cash Collateral from and after July 1, 2024; and (iii) terminat[e] any agreements permitting the SBG Entities to continuing using [City National's] Collateral." *Id.* ¶ 61; *see also* Motion to Appoint Receiver at 3 ("A receiver also needs to be appointed to protect against the continued concealment, dissipation, loss, and diversion of Plaintiff's Collateral as outlined below by third parties who are now in control of such Collateral in violation of Plaintiff's contractual and other rights.").

On September 3, 2024, the SBG Entities appeared in our case and filed a Motion to Intervene [ECF No. 8]. The SBG Entities asked to intervene in Count II as a matter of right under Federal Rule of Civil Procedure 24(a), because (they said) the appointment of a receiver could interfere with the economic and property rights they had acquired from the Apple Entities. *See id.* at 9 ("The SBG

2

Entities have a substantial, legally protected interest because the way [City National] expects to take the SBG Entities revenues is through alleging (1) they operate the Applebee's restaurants previously operated by [the Apple Entities]; (2) claiming the SBG Entities have taken [the Apple Entities'] assets; and (3) those facts constitute fraudulent transfers to the SBG Entities."). After holding a hearing, *see* Sept. 6, 2024, Paperless Minutes [ECF No. 23], we found that the SBG Entities *could* intervene in Count II as a matter of right under Rule 24(a)(2) and granted the Motion to Intervene, *see* Sept. 9, 2024, Order [ECF No. 24] at 1.[1] We then set another hearing for September 13, 2024, with the intended purpose of ruling on City National's expedited Motion to Appoint Receiver. *See ibid.*

But, before we could hold that hearing, the SBG Entities filed their Motion to Dismiss, in which they contend that we lack subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* Motion to Dismiss at 2. Their argument is simple: "[City National] brings the present case as a diversity action under 28 U.S.C. § 1332 against Defendants, based on [City National's] Florida citizenship and the [Apple Entities'] Louisiana citizenship. But the SBG Entities are also Florida citizens, not diverse." *Id.* at 6. And (the SBG Entities continue) we cannot exercise supplemental jurisdiction over them under 28 U.S.C. § 1367(a)–(b) because they're "indispensable parties" under Rule 19. *See id.* at 7. City National promptly filed a Response to the Motion to Dismiss ("Response"), [ECF No. 30], and we held a hearing on September 13, 2024, *see* Sept. 13, 2024, Paperless Minutes, [ECF No. 33]. This Order follows.

## THE LAW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The "party bringing the claim," therefore, generally must first "establish[ ] federal subject matter jurisdiction" before a federal court can review a claim on its merits. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (citing *McCormick v. Aderholt*, 293 F.3d

---

[1] We also found, in the alternative, that permissive intervention was appropriate under Rule 24(b).

1254, 1257 (11th Cir.2002)); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (cleaned up)). If a federal court "determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

A motion challenging federal subject-matter jurisdiction under FED. R. CIV. P. 12(b)(1) may take the form of either a "facial attack" or a "factual attack." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528 (11th Cir. 1990). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence*, 919 F.2d at 1529). A "factual attack" instead "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008). In considering a factual attack on jurisdiction, "a district court is not limited to an inquiry into undisputed facts; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991).

**ANALYSIS**

As a preliminary matter, we should reiterate something the parties appear to have conceded: The parties are no longer diverse. The SBG Entities have alleged that they "are Florida limited liability companies formed in the State of Florida," which are, in turn, wholly owned by "Starboard Group Holdings, LLC, which is also a Florida limited liability company." Motion to Dismiss at 2–3. And one of the members of Starboard Group Holdings is "Andrew Levy," a Florida citizen. *Id.* at 3; *see also Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) ("For the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of

4

which a member of the company is a citizen." (cleaned up)). Since City National has admitted that "the SBG Entities are citizens of Florida," Response at 5, the parties are no longer completely diverse.

But that doesn't necessarily mean we've lost jurisdiction over this case. We may still exercise supplemental jurisdiction over the non-diverse, intervening defendants (the SBG Entities) if "the intervening defendant is dispensable." *Hart Mech. Contractors, Inc. v. Fed. Ins. Co.*, 2022 WL 18465613, at *5 (S.D. Fla. Oct. 14, 2022) (Altonaga, C.J.) (citing *In re Olympic Mills Corp.*, 477 F.3d 1, 11 (1st Cir. 2007)); *see also Hensley v. Hartford Cas. Ins. Co.*, __ F.4th ___, 2024 WL 4035389, at *5 (11th Cir. Sept. 4, 2024) ("Because Hartford's intervention would destroy complete diversity, we now turn to whether Hartford, after considering issues of equity, is an indispensable party under Rule 19(b). If so, we are required to vacate the district court's summary judgment order because it was entered after jurisdiction was lost.").

"Rule 19 states a two-part test for determining whether a party is indispensable. First, the court must ascertain under the standards of Rule 19(a) whether the [party] in question is one who should be joined if feasible. If the [party] should be joined but cannot be . . . then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue." *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982). Where, as here, a party could be readily joined *but for* the destruction of complete diversity, the Eleventh Circuit has told us to focus solely on whether the party is indispensable under the Rule 19(b) factors. *See Hensley*, 2024 WL 4035389, at *5 ("Because Hartford's intervention would destroy complete diversity, we now turn to whether Hartford, after considering issues of equity, is an indispensable party under Rule 19(b)."). Those factors are: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2) "the extent to which any prejudice could be lessened or avoided by . . . other measures"; (3) "whether a judgment rendered in the person's absence would be adequate"; and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed[.]" FED. R.

5

CIV. P. 19(b)(1)–(4). And, notably, just because we allowed the SBG Entities to intervene under Rule 24(a)(2) *doesn't* necessarily mean that they're indispensable under Rule 19(b). *See Hensley*, 2024 WL 4035389, at *5 ("The fact that Hartford had a right to intervene does not end our inquiry."); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 636 (1st Cir. 1989) ("But ability to intervene cannot control the indispensability determination, which examines whether a party is an essential part of the controversy before the court.").

As we discussed at the hearing, the first—and most important—question under Rule 19(b) is the extent to which the SBG Entities would be prejudiced if a judgment were "rendered in [their] absence[.]" FED. R. CIV. P. 19(b)(1). The Eleventh Circuit has said that this "first 19(b) factor" is "the primary factor" and that it's "nearly dispositive" in determining whether a party is indispensable. *Hensley*, 2024 WL 4035389, at *5 (first quoting *Laker Airways, Inc. v. Brit. Airways, PLC*, 182 F.3d 843, 848–49 (11th Cir. 1999); and then quoting *In re Wild*, 994 F.3d 1244, 1280 (11th Cir. 2021) (en banc) (Tjoflat, J., concurring)).[2] The SBG Entities contend that "a judgment rendered without the SBG

---

[2] The Supreme Court has, however, made clear that courts retain the discretion to weigh and balance each of the four Rule 19(b) factors to fit the unique factual *and equitable* considerations of each case. *See Rep. of Philippines v. Pimentel*, 553 U.S. 851, 863 (2008) ("This decision must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests." (cleaned up)); *see also Wichita & Affiliated Tribes of Okla. v. Hodel*, 788 F.2d 765, 774 (D.C. Cir. 1986) ("These four [Rule 19(b)] factors are not rigid, technical tests, but rather guides to the overarching 'equity and good conscience' determination." (cleaned up)); *Barrow v. OM Fin. Life Ins. Co.*, 2011 WL 2649987, at *2 (M.D. Fla. July 6, 2011) (Covington, J.) ("There is no prescribed formula for determining in every case whether a person is an indispensable party since that matter can be determined only in the context of particular litigation." (citing *Provident Tradesman Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 118–19 (1968))).

And we think equity plays a major role here. Recall that we allowed the SBG Entities to intervene in this case without complying with the technical requirements of Rule 24(c)—which obliged them to file "a pleading that sets out the claim or defense for which intervention was sought"— because it seemed clear to us that the SBG Entities were trying to intervene in Count II (an assumption SBG's counsel confirmed at our September 6, 2024, hearing). *See Piambino v. Bailey*, 757 F.2d 1112, 1121 (11th Cir. 1985) ("Some courts of appeals have denied intervention to movants who have failed strictly to heed the requirements of Rule 24(c), but the majority of circuits, including this circuit, has not, choosing instead to disregard nonprejudicial technical defects." (cleaned up)). Once in the case— and without having been forced to show their hand on their defenses—the SBG Entities filed this

Entities and [in] [City National's] favor would prejudice the SBG Entities because the receiver sought by [City National] must target the SBG Entities as alleged in the complaint." Motion to Dismiss at 7. City National, for its part, insists that the appointment of a receiver "can be accomplished with nominal or no prejudice as to the SBG Entities because the Court can impose protective measures and targeted relief[.]" Response at 7.

We agree with City National that our decision to appoint a receiver in the SBG Entities' absence wouldn't prejudice them unduly. City National's request for a receiver was initially much broader. *See* Motion to Appoint Receiver at 13 (asking for a receiver to, among other things, "take control of [the Apple Entities], and their assets"). But it has now agreed to limit its request significantly and asks that we appoint a receiver for *only* two purposes: (1) to assess whether City National has a viable preference claim against the Apple Entities under 11 U.S.C. § 547(b); and (2) to determine whether the Apple Entities should file for bankruptcy. And we agree with City National that a receiver appointed for these strictly circumscribed purposes wouldn't pose an "immediate and serious" danger to the SBG Entities or their business operations—thus minimizing any prejudice the SBG Entities would suffer if they were absent from these proceedings. *See W. Flagler Assocs., Ltd. v. Haaland*, 71 F.4th 1059, 1071 (D.C. Cir. 2023) ("As the Advisory Committee Notes to the Federal Rules state, the Rule 19 inquiry is meant, above all, to be 'practical,' and courts should ask: 'Would the absentee be adversely affected in a practical sense, and if so, would the prejudice be immediate and serious, or remote and minor?'" (first quoting FED. R. CIV. P. 19 advisory committee's note to 1966 amendment; and then citing 7 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1608 (3d ed. Apr. 2023 update))).

When pressed at the hearing, counsel for the SBG Entities focused his prejudice argument

---

Motion to Dismiss, in which they (the quondam intervenors) now ask us to send City National to state court, where it may (or, more likely, may not) have enough time to seek the relief it seeks as to Count II. Whether that was a bait-and-switch or not, it certainly merits consideration here.

on (what he perceives to be) the inevitable consequence of the receiver's appointment: a bankruptcy proceeding in which the SBG Entities' contracts with the Apple Entities will be challenged. *See* Motion to Dismiss at 7 ("[A] judgment rendered without the SBG Entities' and [in City National's] favor would prejudice the SBG Entities because the receiver sought by [City National] must target the SBG Entities as alleged in the complaint."). But this argument puts the cart before the horse. We recognize that the appointment of a receiver *might* be the first step on a *very long* road leading to the SBG Entities' forced divestment from the fourteen Applebee's restaurants.[3] And we agree that a party would be severely prejudiced—perhaps to the point of being indispensable—if it were prevented from defending itself in a proceeding that *might* affect its property rights. *See, e.g.*, *Cuhaci v. Echemendia*, 2021 WL 4307051, at *6 (S.D. Fla. Sept. 22, 2021) (Bloom, J.) ("As discussed above, Kouri Group would be prejudiced absent joinder because a favorable decision for Cuhaci and against Echemendia would necessarily be based on the legal conclusion that Cuhaci has an ownership interest in the Shares, leaving Kouri Group without an opportunity to defend its interests or rights in this action."); *Hardy v. IGT, Inc.*, 2011 WL 3583745, at *5 (M.D. Ala. Aug. 15, 2011) (finding prejudice where, "[if] this action [were] to proceed in the absence of the Tribe, the validity and viability of the Tribe's contracts with the Manufacturers would be impeded"); *see also Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975) ("No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." (citing *Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885, 888 (5th Cir. 1968))).[4]

---

[3] *See* 11 U.S.C. § 547(b)(4)(A) ("[T]he trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property . . . made on or within 90 days before the date of the filing of the petition[.]").

[4] We also reject the SBG Entities' argument that the appointment of a receiver—standing alone—constitutes sufficient prejudice under Rule 19(b). If that were the law, then no party could ever be deemed a necessary (but dispensable) party, because the act of losing that battle (under Rule 19(b))

8

But *our* proceeding *will not* (and *cannot*) interfere with the SBG Entities' rights to own, operate, and profit from the fourteen restaurants they acquired from the Apple Entities. As discussed above, the absolute worst-case scenario for the SGB Entities *in this proceeding* is that we appoint a receiver who recommends that the Apple Entities enter bankruptcy proceedings to preserve City National's preference claim under § 547. The receiver will *not* have the power to directly interfere with the SBG Entities' interests. And, if the receiver recommends bankruptcy—and if we authorize the receiver to take the Defendant into bankruptcy—the SBG Entities will have a full and fair opportunity to defend their property rights (and the validity of the Apple Entities' transfer of the franchises) in an adversary proceeding in bankruptcy court. *See* FED. R. BANKR. P. 7001(1) advisory committee's note 1983 ("Proceedings to which the [adversary proceeding rules] apply directly include those brought to avoid transfers by the debtor under §§ 544, 545, 547, 548 and 549 of the Code."); *see also In re Mansaray-Ruffin*, 530 F.3d 230, 234 (3d Cir. 2008) ("[A]n adversary proceeding [has] all the trappings of traditional civil litigation."). In short, the SBG Entities wouldn't suffer any meaningful prejudice *in our case*, even if absent, because they in no circumstances will lose any rights *in our case*—and because they'll have an adequate, alternative forum (the bankruptcy court) in which to fully defend their rights. *Cf. Hensley*, 2024 WL 4035389, at *5 (finding prejudice where, "if Hartford were not allowed to intervene and join this action, then under Georgia precedent it would lose its right to enforce its subrogation lien"). The first Rule 19(b) factor doesn't weigh in favor of indispensability.

With the first 19(b) factor out of the way, our analysis of the three remaining factors is straightforward. Limiting the power of the receiver as we've done, we've greatly lessened the prejudice the SBG Entities might suffer in our case. *See De Cespel v. Rep. of Hungary*, 27 F.4th 736, 752 (D.C. Cir.

---

and the possibility of losing the next (on the merits) in absentia would *always* constitute sufficient prejudice for purposes of Rule 19. As we've said, that just isn't the law. *See Hensley*, 2024 WL 4035389, at *5 ("The fact that Hartford had a right to intervene does not end our inquiry."); *Dingwell*, 884 F.2d at 636 ("But ability to intervene cannot control the indispensability determination*, which examines whether a party is an essential part of the controversy before the court.").

9

2022) ("[L]imiting plaintiffs' remedies . . . as necessary could further reduce any prejudice or risk inconsistent obligations." (cleaned up)). And a judgment in our case would be adequate, even without the SBG Entities, because the receiver will be doing nothing more than (1) assessing the viability of City National's preference claim against the Apple Entities and (2) deciding whether to take the Apple Entities (not the SBG Entities) into bankruptcy. *See, e.g., Prepared Food Photos, Inc v. Delvecchio Pizza, LLC*, 2023 WL 2987661, at *4 (S.D. Fla. Apr. 18, 2023) (Bloom, J.) ("Complete relief can be afforded with the existing parties to the action. Accordingly, the Court concludes that Zomato.com is not an indispensable party and denies Defendant's Motion to Dismiss on that basis."). Finally, City National might not have an adequate remedy if we dismiss this case because its preference claim is time-sensitive (and might disappear) if we force City National to start over by seeking a receiver in state court. *See Bell v. City of Lacey*, 2019 WL 4318615, at *3 (W.D. Wash. Sept. 12, 2019) ("[T]he lack of an alternative forum for this type of claim outweighs the Tribe's interest in . . . avoiding any threat to its contract.").[5]

Since none of the Rule 19(b) factors "favor[s] the conclusion" that the SBG Entities are an indispensable party, we'll exercise our supplemental jurisdiction over them. *Hensley*, 2024 WL 4035389, at *5; *see also W. Flagler Assocs.*, 71 F.4th at 1071–72 ("Because Rule 19's guiding philosophy is to avoid dismissal whenever possible, we find that the practical benefits of deciding this case on the merits outweighs any prejudice to the [SBG Entities].").

\*   \*   \*

Accordingly, we hereby **ORDER and ADJUDGE** that the SBG Entities' Motion to Dismiss [ECF No. 27] is **DENIED**. A motion hearing on City National's Motion to Appoint Receiver [ECF

---

[5] At our September 13, 2024, hearing, City National also explained that it might not be able to initiate involuntary bankruptcy proceedings against the Apple Entities under 11 U.S.C. § 303(b) by October 4, 2024—the deadline for its preference claim—because it would need to find, over the next two weeks, at least two other creditors *and* secure their cooperation. *See Isbell v. DM Records, Inc.*, 529 B.R. 793, 797 (S.D. Fla. 2015) (Moore, C.J.) ("Under Section 303(b), if the alleged debtor has twelve or more creditors, three or more petitioning creditors are needed to commence an involuntary case." (cleaned up) citing 11 U.S.C. § 303(b)(1)–(2)).

No. 5] is **SET** for **Thursday, September 19, 2024**, at **4:00 p.m.**

**DONE AND ORDERED** in the Southern District of Florida on September 17, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record