UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:24-cv-23285-RKA

CITY NATIONAL BANK OF FLORIDA,

    Plaintiff,

v.

LOUISIANA APPLE, LLC, a Louisiana limited liability company; MOUNTAIN APPLE, LLC, a Louisiana limited liability company; KENTUCKY APPLE, LLC, a Louisiana limited liability company; and OKLAHOMA APPLE, LLC, a Louisiana limited liability company; SBG APPLE CENTRAL I, LLC, a Florida limited liability company; SBG APPLE CENTRAL II, LLC, a Florida limited liability company; SBG APPLE CENTRAL III, LLC, a Florida limited liability company; SBG APPLE CENTRAL IV, LLC, a Florida limited liability company; SBG APPLE CENTRAL V, LLC, a Florida limited liability company; SBG APPLE CENTRAL VI, LLC, a Florida limited liability company; SBG APPLE CENTRAL VII, LLC, a Florida limited liability company; SBG APPLE CENTRAL VIII, LLC, a Florida limited liability company; SBG APPLE CENTRAL IX, LLC, a Florida limited liability company; SBG APPLE CENTRAL X, LLC, a Florida limited liability company; SBG APPLE CENTRAL XI, LLC, a Florida limited liability company; SBG APPLE CENTRAL XII, LLC, a Florida limited liability company; AND SBG APPLE CENTRAL XIII, LLC, a Florida limited liability company,

    Defendants.
_____/

**PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION
OF ORDER GRANTING MOTION TO APPOINT RECEIVER**

Plaintiff, City National Bank of Florida ("CNB" or "Plaintiff"), by and through undersigned counsel, files this *Emergency Motion for Reconsideration of Order Granting Motion to Appoint a Receiver* [ECF No. 46] (the "Motion for Reconsideration") in respect of this Court's *Order Granting Motion to Appoint Receiver* [ECF No. 44] (the "Receivership Order"), In support thereof, Plaintiff states as follows:

### STATEMENT OF NEED FOR EMERGENCY CONSIDERATION

For the reasons set forth below, Plaintiff respectfully requests that the Court consider this Motion for Reconsideration on an emergency basis, but in any event no later than **October 1, 2024**, in order to grant the Receiver the immediate authority to file and prosecute a bankruptcy proceeding for the Defendants as set forth below, including to seek to avoid and recover preferential transfers of valuable assets (or obtain a judgment for their value) that the Defendants recently transferred to Applebee's Franchisor, LLC or its affiliates ("Applebee's") on account of antecedent debts owed to Applebee's (the "Preference Claim").

By filing the Notice of Appeal and the Motion to Clarify (each as defined below) only yesterday, the SBG Entities have created the very situation that gives rise to the emergency nature of this Motion for Reconsideration and requires that it be heard on an emergency basis. As the Court knows from the proceedings in this case, without the benefit of a bankruptcy proceeding that would need to be filed by the Receiver on behalf of the Defendants on or before October 4, 2024, valuable assets of the Defendants – which constitute the Preferential Claim - will be lost and will not be able to be recovered for the benefit of any creditors of Defendants, including Plaintiff herein.

### INTRODUCTION

Based on arguments and concerns expressed by the SBG Entities about the scope of the any proposed receivership, this Court suggested and ultimately ruled that such scope could initially

2

be limited and could proceed in stages so as to avoid any perceived prejudice to the SBG Entities. After the Court accommodated their alleged concerns through a stepped process, the SBG Entities then filed the Notice of Appeal (defined below) and the Motion to Clarify (as defined below) wherein they clearly seek to undermine this Court's rulings to date and to prevent this Court from modifying the Receivership Order (defined below) if the receiver recommends the filing of a bankruptcy for the Defendants, which was the entire purpose of these proceedings. It is clear that the motivation of the SBG Entities is to do everything in their power to delay these proceedings – including engaging in another "bait and switch" - in the hopes that the Defendants do not file bankruptcy by October 4, 2024, which in turn would mean that the Preference Claim will be lost through the passage of time.

      The Court should no longer countenance the intentional delay tactics and litigation gamesmanship of the SBG Entities. To that end, CNB is simultaneously filing a response in opposition to the Motion to Clarify and asserts for the reasons set forth in such response that the Motion to Clarify should be denied. However, if the Court is not inclined to deny the Motion to Clarify, CNB seeks reconsideration of the Receivership Order in an effort to prevent the tactics and gamesmanship employed by the SBG Entities from succeeding and undermining this Court's authority and rulings. Specifically, as set forth below, CNB's request for the Court to reconsider the Receivership Order clearly revests any lost jurisdiction back in this Court so that this Court can reconsider the multi-step receivership process, and instead grant the Receiver the immediate authority to file and prosecute a bankruptcy proceeding for the Defendants, including to grant the Receiver the full powers of a board of directors, or sole managing member, of the Defendants in connection therewith.

**FACTUAL BACKGROUND**

1. On August 28, 2024, Plaintiff filed its Verified Complaint [ECF No. 1] (the "Verified Complaint") against Louisiana Apple, LLC, Mountain Apple, LLC, Kentucky Apple, LLC, and Oklahoma Apple, LLC (the "Defendants"). The two-count Complaint seeks damages for breach of contract against the Defendants and for the appointment of receiver over the Defendants.

2. On August 30, 2024, Plaintiff filed its *Expedited Motion for the Appointment of Receiver and Memorandum of Law in Support* [ECF No. 5].

3. On September 3, 2024, SBG Apple Central I, LLC; SBG Apple Central II, LLC; SBG Apple Central III, LLC; SBG Apple Central IV, LLC; SBG Apple Central V, LLC; SBG Apple Central VI, LLC; SBG Apple Central VII, LLC; SBG Apple Central VIII, LLC; SBG Apple Central IX, LLC; SBG Apple Central X, LLC; SBG Apple Central XI, LLC; SBG Apple Central XII, LLC; and SBG Apple Central XIII, LLC (collectively, the "SBG Entities") filed their Notice of Intent to Intervene [ECF No. 6]. Thereafter, the SBG Entities filed the Motion to Intervene seeking permission to intervene in this action.

4. On September 9, 2024, this Court entered the Order Following Hearing [ECF No. 24] (the "Order") which authorized the SBG Entities to intervene in this action and permitted the SBG Entities to file their Answer and Affirmative Defenses to the Complaint by September 9, 2024. On September 9, 2024, the SBG Entities filed their Answer and Affirmative Defenses [ECF No. 25] (the "Answer").

5. On September 20, 2024, this Court entered its *Order Granting Motion to Appoint Receiver* [ECF No. 44] (the "Receivership Order") appointing Michael I. Goldberg, Esq., of Akerman LLP as receiver (the "Receiver"), with a limited scope to answer the following inquiries:

4

(1) whether there is a viable Preference Claim under 11 U.S.C. § 547(b), and (ii) whether Louisiana Apple, LLC, and its wholly-owned subsidiaries (Mountain Apple, LLC; Kentucky Apple, LLC; and Oklahoma Apple, LLC) should file bankruptcy, including in order to preserve such Preference Claim.

6.      Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure, the deadline to appeal the Receivership Order was October 20, 2024. Notwithstanding such deadline, the SBG Entities filed their Notice of Appeal [ECF No. 45] on September 26, 2024 (the "Notice of Appeal").

7.      On September 26, 2024, this SBG Entities filed the *Intervening Defendants' Motion to Clarify Continuing Jurisdiction* [ECF No. 46] (the "Motion to Clarify"), arguing that the SBG Entities filing of the Notice of Appeal destroys this Court's jurisdiction to grant the relief requested by CNB and fulfilling the purpose behind the limited scope of the Order Appointing Receiver.

## ARGUMENT AND MEMORANDUM OF LAW

8.      After intervening in this case, the SBG Entities make yet another attempt to limit this Court's jurisdiction, without previewing or raising the impact on jurisdiction when they rushed to file the Notice of Appeal on spurious grounds. Due to the rushed appeal and the clear effort of the SBG Entities to undermine these proceedings, CNB seeks reconsideration of the Receivership Order so that this Court can immediately authorize the Receiver to file and prosecute a bankruptcy proceeding for the Defendants, including to grant the Receiver the full powers of a board of directors, or sole managing member, of the Defendants in connection therewith.

9.      CNB respectfully moves for reconsideration under Fed. R. Civ. P. Rules 59 and 60. *See Yellowpages Photos, Inc. v. YP, LLC*, No. 8:17-CV-764-T-36JSS, 2020 WL 1674329, at *2 (M.D. Fla. Jan. 8, 2020) (stating that these rules govern motions to reconsider and discussing

applicable standards) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). Although reconsideration is "an extraordinary remedy to be employed sparingly," it is appropriate to "prevent manifest injustice." *Yule v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV, 2020 WL 5216993, at *1-2 (S.D. Fla. Sept. 1, 2020) (Moreno, J.) (citing *Colomar v. Mercy Hospital, Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007)). Under such circumstances, a court has broad discretion to reconsider an order. *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017)*; O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) (reconsideration is "committed to the sound discretion of the district judge"); *Grasso v. Electrolux Home Prods., Inc.*, 2016 WL 2625746 (S.D. Fla. Mar. 24, 2016) ("A district court has the discretion to revise or reconsider interlocutory orders at any time before final judgment has been entered.").

10. "Courts in the Eleventh Circuit have substantial discretion when presented with a motion to reconsider premised on manifest injustice." *Pottayil v. Thyssenkrupp Elevator Corp.*, 574 F. Supp. 3d 1282, 1301 (N.D. Ga. 2021), *citing Medley v. Westpoint Stevens, Inc.*, 162 F.R.D. 697, 698 (M.D. Ala. 1995) "[A] manifest injustice analysis requires a 'fact-specific' analysis that resides in the discretionary authority of the reviewing court." *Salinas v. Hart*, 2020 WL 1560061, at *3 (E.D. Ky. Apr. 1, 2020). "The movant must be able to demonstrate that the underlying judgment caused them some type of injustice which could be avoided if the judgment were reconsidered. Essentially, the movant must be able to show that altering or amending the underlying judgment will result in a change in the outcome in their favor." *Harris v. Perry*, 2016 WL 5396701, at *3 (W.D. Tenn. Sept 27, 2016) (citations omitted).

11. While it is true that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its

control over those aspects of the case involved in the appeal." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 638 n. 14 (11th Cir.2010) (quotation omitted). However, and importantly, a "timely motion for reconsideration that follows a notice of appeal reinvests the district court's jurisdiction." *United States v. Grant*, 2008 WL 11384150, at *1 (N.D. Ga. June 17, 2008), *citing United States v. Vicaria*, 963 F.2d 1412, 1413 (11th Cir. 1992). Thus, through and as a result of this Motion for Reconsideration, this Court retains jurisdiction to hear this Motion for Reconsideration and to modify the Receivership Order if this Court determines that reconsideration is appropriate under the circumstances, even though the Notice of Appeal appealed the Receivership Order. *Id. Grant*, 2008 WL 11384150, at *1.

12. Here, reconsideration of the Receivership Order is not only appropriate, but necessary, in order to avoid manifest injustice. First, it should be noted that the SBG Entities claim that the SBG Entities were required to appeal the Receivership Order "before the Court modifies it, else they risk losing their appeal rights". *Motion to Clarify* at pg. 2. However, there is no basis to support this assertion. While it is true that orders modifying the scope of a receiver's powers or assets under a receivership estate are not appealable as interlocutory orders [*See e.g. Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp., Inc.*, 44 F.4th 1326, 1333 (11th Cir. 2022) ("We lack jurisdiction over scope-related orders entered in an ongoing receivership")], there is no law or rule which causes the modification of an order appointing a receiver to lose the right to an interlocutory appeal. Moreover, it is obvious that the reasoning expressed by the SBG Entities is nonsensical because the SBG Entities were not prejudiced by the Receivership Order since the Receiver was only required to report back to the Court on next steps. Said differently, there were no appellate rights for them to lose in respect of the limited scope of the Receivership Order. Plainly, the SBG Entities rushed to file the Notice of Appeal in a blatant effort to remove this Court's jurisdiction

7

and try to prevent the Court from authorizing the Receiver to file a bankruptcy on behalf of the Defendants.

13. Second, the Receivership Order should be reconsidered to forestall the SBG Entities' gambit to deprive this Court of jurisdiction. To the extent this Court is concerned that the Notice of Appeal deprives the Court of jurisdiction to further modify the powers of the Receiver, then this Motion for Reconsideration reinvests jurisdiction for the Court to modify the Receivership Order. To this extent this Court lost any jurisdiction through the Notice of Appeal, CNB will suffer injustice as the purpose of the Receivership Order, which sets forth a multi-step process before the Receiver can be authorized to file a bankruptcy for the Defendants, will be undermined by the litigation tactics of the SBG Entities. Reconsidering the Receivership Order to grant the Receiver the powers as set forth herein will prevent this injustice.

14. Moreover, based on the testimony and exhibits in support of the Motion to Appoint the Receiver, it is beyond contestation that there exists an avoidable and recoverable Preferential Claim against Applebee's related to the transfers of valuable assets from the Defendants of their leases to Applebee's on account of antecedent debts owed to Applebee's. The uncontroverted testimony of Jordi Guso, an expert in bankruptcy and avoidance actions, was that *prima facia* claims for recovery of preferential transfers exist against Applebee's and that the equity holder of the Defendants has a conflict of interest in bringing the Preference Claim.

15. Accordingly, the equities in this case overwhelmingly support the conclusion that the Receivership Order should be reconsidered to immediately grant the Receiver the authority to file and prosecute a bankruptcy proceeding for the Defendants, including to grant the Receiver the full powers of a board of directors, or sole managing member, of the Defendants in connection therewith.

**Certification as to Emergency Nature of Motion.**

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

WHEREFORE, City National Bank of Florida respectfully requests that the Court grant this Motion for Reconsideration and award such other and further relief as it deems just and proper. A proposed order granting the Motion for Reconsideration is attached hereto as Exhibit A.

DATED: September 27, 2024.

Respectfully submitted,

**VENABLE LLP**
*Attorneys for Plaintiff*

 /s/ Paul J. Battista
Paul J. Battista, Esq.
Florida Bar No. 884162
801 Brickell Avenue, Suite 1500
Miami, Florida 33131
Phone: 305.349.2300
Email: pjbattista@Venable.com

- and -

Eric D. Jacobs, Esq.
Florida Bar No. 85992
100 N. Tampa Street, Suite 2600
Tampa, Florida 33602
Phone: 813.439.3100
Email: ejacobs@Venable.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on September 27, 2024, a true and correct copy of the foregoing document has been furnished via electronic mail by virtue of the Court's CM/ECF System to all counsel of record identified below.

| | |
|---|---|
| Jon Polenberg, Esq.<br>Yasin Daneshfar, Esq.<br>Gabrielle Sliwka, Esq.<br>BECKER & POLIAKOFF, P.A.<br>1 East Broward Blvd., Suite 1800<br>Fort Lauderdale, FL 33301<br>JPolenberg@beckerlawyers.com<br>GSliwka@beckerlawyers.com<br>TFritz@beckerlawyers.com<br>*Attorneys for Intervenors, SBG Entities* | Isaac M. Marcushamer, Esq.<br>DGIM Law, PLLC<br>2875 NE 191st Street, Suite 705<br>Aventura, FL 33180<br>Isaac@dgimlaw.com<br>Colleen@dgimlaw.com<br>*Attorneys for Defendants, Loan Parties*<br><br>Douglas Draper, Esq. (pro hac vice)<br>Heller, Draper, & Horn, LLC<br>650 Poydras St. Suite 2500<br>New Orleans, LA 70130<br>ddraper@hellerdraper.com<br>*Attorneys for Defendants, Loan Parties* |

                                        */s/ Paul J. Battista*
                                        Paul J. Battista, Esq.